WARNER *v.* DYETT and wife and another.

---

Although a husband releases all interest in the wife's trust estate, yet he cannot be a witness for her in relation to it.

The rule which excludes the husband and wife from giving evidence for or against each other is inflexible.

---

Bill brought to obtain the liquidation and payment of certain claims made by the complainant, for services rendered and monies disbursed by him chiefly as solicitor, attorney and counsel for and in behalf of a trust estate under marriage articles made between the defendants, Joshua Dyett and Jessy Ann his wife. The bill had been taken *pro confesso*; and an order was entered referring the matter to a

master to take and state an account. A consent was signed by the complainant, allowing the defendants to go into proofs as if the cause had been at issue. The husband, Joshua Dyett, was offered as a witness on the part of the wife; and a release from him of all interest in the trust estate was produced: but the witness was objected to by the complainant. A petition was now presented to the court, asking that the master might take the testimony of the said Joshua Dyett, so far as related to the trust estate.

Mr. *D. Selden,* for the petitioner.

Mr. *H. Warner,* in *pro per.*

THE VICE-CHANCELLOR:—The present petition is objected to upon two grounds: 1st, on account of interest; and 2nd, that the policy of the law is against it.

As to the first point:—This is attempted to be obviated by the release made by Joshua Dyett. Still, this may not entirely remove it. I do not mean to pass upon the effect of the instrument; but the husband is bound to support his wife; and he may, therefore, in the present case be said to have an interest in protecting the trust estate, (out of which she gets maintenance)—as this will relieve him personally from her support. But—without placing particular stress upon this point—I consider the second as sufficient.

2. The rule which does not allow the wife to be a witness against the husband, is founded upon the relationship between the parties; and the interference which such examination would cause might trench upon this relation. The law has, for wise purposes, made the rule; and it is inflexible. It has not been deviated from, save in some criminal cases where the wife makes a charge against the husband—and there from necessity. And the same may be said as to the husband's being a witness for or against the wife—besides, it might encourage perjury.

The case of *Davis* v. *Dinwoody,* 4 T. R. 678, is, perhaps, the only one which need be here mentioned. It was an action by the executrix of a surviving trustee under a marriage settlement, to recover the value of certain goods sold by

the defendant, as sheriff, under an execution against the husband of the *cestui que trust.* There, it was held that the husband was not competent to prove, on the part of the plaintiff, that the goods had been conveyed to the plaintiff in trust for the separate use of the witness's wife. Lord Kenyon put the decision upon the ground of the nearness of connection, which naturally existed between man and wife, whereby a strong bias might be supposed to exist. This case is in point.

I put my decision mainly upon this ground.—The motion must be denied.